# STATE OF FLORIDA v BATTIESE
## Case No. 88-35-AP
Fourth Judicial Circuit, Duval County

February 9, 1989

### APPEARANCES OF COUNSEL

Office of the State Attorney, for appellant.

**James T. Miller,** Office of the Public Defender, for appellee.

### OPINION OF THE COURT

L. P. HADDOCK, Circuit Judge.

### *ORDER ON APPEAL*

This cause came on before the Court on appeal of the trial court's granting a Motion to Suppress Evidence. Examination of the record on appeal and the appellate briefs reveal that the trial court ruled that, under the circumstances involved herein, the arrest without an arrest warrant was unlawful. Since the defendant voluntarily exited his house to discuss the accident with the investigating officer, he did not have the right to require the issuance of an arrest warrant to accomplish his detention. Had the defendant remained inside the house, the holding in

*Welsh v Wisconsin,* 466 U.S. 740 (1984), would govern these facts, and the trial judge's order would be correct.

However, where, as in this case, the Defendant voluntarily left the privacy of his home, the situation becomes analagous to that in *United States v Santana,* 427 U.S. 38 (1976), or *Byrd v State of Florida,* 481 So.2d 468 (Fla. 1985). Reading these cases together, it appears that a defendant who voluntarily exits his home cannot require the police to secure an arrest warrant before arresting him in his yard, assuming they have probable cause. The facts herein do create probable cause. The fact that the defendant left his home because the police requested him to come outside does not negate the voluntariness of his relinquishing the privacy of his home.

ACCORDINGLY, the Order of the trial court granting the Motion to Suppress is hereby REVERSED and this cause is hereby remanded to the County Court for further proceedings.

DONE AND ORDERED in Chambers, Jacksonville, Duval County, Florida this 9th day of February, 1989.